```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,
```
<pre>
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/7/2022
</pre>

-against-

EVA CHRISTINE RODRIGUEZ and SERGIO LORENZO RODRIGUEZ,

Defendants.

20 Cr. 513 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On November 16, 2022, the Court advised the parties that its authority to conduct sentencings remotely under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") would lapse on November 19, 2022, and that the sentencings scheduled for December 13, 2022, would be held in person in Courtroom 15D of the United States Courthouse, 500 Pearl Street, New York, New York 10007. ECF No. 90. In light of the Court's November 16, 2022 order, defense counsel notified the Court by letters dated November 18 and 24, 2022, of their intention to file applications for Defendants to appear remotely for sentencing by videoconference under Federal Rule of Criminal Procedure 43(c)(1)(B). ECF Nos. 91–92. Rule 43(c)(1)(B) provides that "[a] defendant who . . . had pleaded guilty . . . waives the right to be present . . . in a noncapital case, when the defendant is voluntarily absent during sentencing." Fed. R. Crim. P. 43(c)(1)(B).

On November 28 and 29, 2022, Defendants filed their letter applications. ECF Nos. 94, 97. Defendant, Eva Christine Rodriguez, requests that she: (1) "be allowed to be 'voluntarily absent' (that is, not physically present[)] . . . during the sentencing proceeding scheduled for December 13, 2022;" and (2) "instead be allowed to participate in her sentencing by videoconference." ECF No. 94 at 1. Defense counsel for Ms. Rodriguez "urge the Court to accept Ms. Rodriguez's waiver of her in-person appearance at sentencing." *Id.* at 5. Defense counsel provided the Court with an unredacted letter explaining why Ms. Rodriguez, who lives in southern California, "should not travel by airplane." *Id.* at 2.

Defendant, Sergio Lorenzo Rodriguez, requests that the Court "permit [him] to waive his physical presence during his sentencing proceeding and instead participate by videoconference." ECF No. 97 at 1. Mr. Rodriguez argues that, because he "resides in [s]outhern California, the recent requirement that he be physically present in New York for sentencing will impose upon him a significant financial burden, not only due to the cost of travel, but as a result of lost wages." *Id.* at 2.

Defense counsel propose that Defendants participate in sentencing by videoconference, but that all other parties be physically present. ECF Nos. 94 at 4–5, 97 at 2. The Government does not oppose Defendants' applications, but requests that, "[i]f the Court grants [D]efendants' applications, . . . the Court require written waivers signed by . . . [D]efendants and their counsel, conduct a waiver proceeding at the start of the sentencing proceeding, or both." ECF No. 98 at 1.

The Government also requests that "a telephone number be made available to victims who may wish to attend telephonically, but are unable to travel to this [d]istrict." *Id.*

The Court concludes that, even in the absence of the CARES Act, it has the authority to proceed with the sentencings in the manner proposed by Defendants. *United States v. Sealed Def. One*, 49 F.4th 690, 700 (2d Cir. 2022) ("[E]ven prior to the enactment of the CARES Act, we recognized that a defendant's right to be physically present at sentencing is waivable as long as his waiver is knowing and voluntary." (quotation marks, alterations, and citations omitted)); Fed. R. Crim. P. 43(c)(1)(B).

Accordingly, Defendants' requests to participate in their sentencings remotely are GRANTED. All other parties, including defense counsel and the Government, shall appear in Courtroom 15D of the United States Courthouse, 500 Pearl Street, New York, New York 10007 for the sentencings. Chambers shall provide Defendants with instructions on how to appear via video.

In addition, the Government's requests that the Court require written waivers signed by Defendants and their counsel and that the Court conduct a waiver proceeding at the sentencings are GRANTED. By **December 13, 2022**, Defendants shall provide to the Court written waivers signed by Defendants and their counsel that reflect Defendants' knowing and voluntary waiver of their right to be present at their sentencings. The Court shall also conduct an inquiry to determine whether Defendants' waivers of their right to be physically present at sentencing are knowing and voluntary.

In addition, the Government's request that the Court "approve[] the establishment of an audio link for victims," ECF No. 98 at 2, is GRANTED. Chambers shall provide the Government with instructions on how victims can access the link.

It is further ordered that the sentencings scheduled for December 13, 2022, are ADJOURNED to **December 14, 2022**, at **12:00 p.m.**

SO ORDERED.

Dated: December 7, 2022
  New York, New York

_____
ANALISA TORRES
United States District Judge